**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

**DANTE CORVETTE STONE**                                                                                  **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 1:11CV-P123-M**

**TODD COUNTY DETENTION CENTER** *et al.*                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on initial review of the *pro se* complaint (DN 1) and amended complaint (DN 4) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff Dante Corvette Stone, a convicted inmate at the Todd County Detention Center (TCDC), brings this action pursuant to 42 U.S.C. § 1983 against the TCDC and the following TCDC officers: Jailer Greg Allen, Chief Deputy Mark Woods, Deputy Moore, Captain Joesph Crowder, Captain Dunning, Captain Slate, and C.S.O. Major Cheryl Christmas. He also sues Kentucky Department of Corrections (KDOC); its Commissioner, LaDonna Thompson; and its Jail Consultant, Tracy Reed. He sues Defendants in their individual and official capacities.

Plaintiff reports that on three occasions, Deputy Moore attempted to solicit TCDC inmates to assault him. On the first occasion, on a Friday, in either February or March 2011, Deputy Moore allegedly tried to solicit inmates in the "upper-b pod" to gang assault Plaintiff with weapons while he slept. Deputy Moore allegedly stated: "Ooh. There's somebody in here I can't stand. If a couple of ya'll went back there and just smashed him in the head with crates I promise I'll lookout for you. Wait until I go in the tower and I'll let ya'll know when they're

coming and everything." Plaintiff claims that he confronted Deputy Moore, and she admitted that she was referring to him.

Plaintiff reports making this incident known to Cpt. Dunning two to three months later in May 2011, but no report was filed nor the incident logged. He further advises that in June 2011, a conflict had arisen between him and Deputy Moore due to her frustration from being unsuccessful at having him assaulted. He reported this to her supervisor, Cpt. Crowder, who promised to consult with Chief Deputy Wood. Once again, however, no report was filed nor incident logged into the daily employees' log. Plaintiff reports filing grievances and writing letters to the TCDC administration (Jailer Allen, Chief Deputy Woods, and Major Christmas) but states that no investigation was ever conducted.

The second incident occurred in the beginning of July 2011, before July 4th. Deputy Moore purportedly approached Inmate Bundy during a security check and asked him to assault Plaintiff on her behalf in exchange for compensation to be rendered at another time. Inmate Bundy reported the incident on July 4th to several officers, but, claims Plaintiff, Cpt. Dunning refused to give Bundy's report any credence.

Finally, on July 6, 2011, while passing out medication, Deputy Moore allegedly attempted to solicit Inmate Hurtz to assault Plaintiff, stating: "Not now, but I'll let you know when." The incident was reported to supervising officers and administrators, but no action was taken.

Plaintiff reports having written KDOC Commissioner Thompson about the conspiring against him, but she referred the matter to KDOC Jail Consultant Reed, who visited Plaintiff at TCDC and conducted what Plaintiff describes as a "psuedo investigation." After Plaintiff told

2

Reed about his multitude of grievances, Reed told him that "you'll be just fine if you conform to the jails rules and behave yourself." When Plaintiff asked Reed if she would file an institution conflict between the TCDC and himself and have him transferred, Reed replied that she would let Jailer Allen handle that.

Plaintiff claims that all of these actions were discriminatory; that Defendants were "grossly negligent" and "furthered the endangerment to [his] well being"; and that by refusing to investigate Deputy Moore's actions, all other Defendants "became complicity to those actions."

As relief in the original complaint, Plaintiff seeks monetary compensation in the amount of $50,000 "to compensate for emotional distress, mental duress, and personal endangerment." In the amended complaint, he seeks punitive damages in the amount of $10 million.

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under § 1915A. On review, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.  ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two allegations are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). First, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States," *West v. Atkins*, 487 U.S. 42, 48 (1988), and second, he "must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. All claims against the KDOC and all official-capacity claims for damages against *state* officers Thompson and Reed

A state, its agencies,[1] and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Furthermore, the official-capacity claims for damages against the state officials and all claims against the KDOC are barred by the Eleventh Amendment to the United States Constitution. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Thompson v. Mich. Dep't of Corr.*, 25 F. App'x 357, 358 (6th Cir. 2002) ("The district court properly found no claim stated against several of the defendants, including: the Michigan Department of Corrections, which is entitled to Eleventh Amendment immunity."). Accordingly, all claims against the KDOC and the official-capacity claims for damages against Thompson and Reed must be dismissed for failure to state a claim and for seeking monetary relief from Defendants immune from such relief.

### B. All claims against TCDC and official-capacity claims against *county* officers Allen, Woods, Christmas, Crowder, Moore, Dunning, and Slate

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 166 (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Plaintiff's official-capacity claims against Defendants Allen, Woods, Christmas, Crowder, Moore, Dunning, and Slate, therefore, are actually against Todd County. *See Lambert v.*

---

[1]The Kentucky Department of Corrections ("DOC") is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. Exec. Order No. 2004-730 (July 9, 2004); KY. REV. STAT. ANN. § 12.250.

*Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county). Similarly, the claims against the TCDC must also be brought against Todd County because the jail is not an entity subject to suit. *See Matthews v. Jones*, 35 F.3d at 1049 (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson County Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in original). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, none of the allegations in the complaint or its amendment demonstrate that Defendants' actions occurred as a result of a policy or custom implemented or endorsed by Todd County.  Accordingly, the complaint fails to establish a basis of liability against the municipality and fails to state a cognizable § 1983 claim.

Consequently, all claims against the TCDC and the official-capacity claims against Defendants Allen, Woods, Christmas, Crowder, Moore, Dunning, and Slate must be dismissed.

### C. Individual-capacity claims

#### 1. Discrimination

Plaintiff repeatedly claims that the action or inaction of Defendants was "discriminatory." He alleges no facts, however, to support this legal conclusion.  *Iqbal*, 129 S. Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) ("It is not enough for a complaint . . . to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law.  Some factual basis for such claims must be set forth in the pleadings.").  Therefore, Plaintiff fails to state a claim of discrimination.

#### 2. Solicitation of inmates and failure to investigate

Under the Eighth Amendment, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'"  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).  A viable Eighth

Amendment claim must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. at 834; *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). The objective component requires that the deprivation be "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992). An inmate must show that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The subjective component requires the defendant to act with "deliberate indifference" to a prisoner's health or safety. *Wilson v. Seiter*, 501 U.S. at 302-03. "'[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk.'" *Street*, 102 F.3d at 815 (quoting *Farmer*, 511 U.S. at 836). "Implicit in this standard is the recognition that the plaintiff must allege that he has suffered or is threatened with suffering actual harm as a result of the defendants' acts or omissions before he can make any claim with an arguable basis in Eighth Amendment jurisprudence." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998).

Additionally, the law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v. Madison County Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, in interpreting this statute against prisoners'

8

complaints, courts have required that the injury be more than *de minimis*. *See*, *e.g.*, *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury"); *Zehner v. Trigg*, 952 F. Supp. 1318, 1327 (S.D. Ind. 1997) (holding no physical injury from asbestos in the air requires dismissal, without prejudice to plaintiff's right to later satisfy the physical injury requirement).

Plaintiff fails to allege that he suffered any physical injury. He claims only that Deputy Moore "attempted to solicit" inmates to cause him harm (which never happened) and that supervisors/administrators failed to investigate Deputy Moore. Neither of these allegations rises to the level of a constitutional violation in this case. *See, e.g., Wilson v. Yaklich*, 148 F.3d at 601 ("Even if he had claimed a non-physical injury such as fear of assault at the hands of the prison gang, however, monetary damages for such alleged harm would not have been appropriate in *this* Eighth Amendment context."); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.") (citing *Smith v. Ross*, 482 F.2d 33 (6th Cir. 1973) (police failure to protect against housing discrimination)).

> However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. [A] claim of psychological injury does not reflect the deprivation of "the minimal civilized measures of life's necessities," that is the touchstone of a conditions-of-confinement case. Simply put, [the plaintiff] alleges, not a "failure to prevent harm," but a failure to prevent exposure to risk of harm. This does not entitle [the plaintiff] to monetary compensation.

*Yaklich*, 148 F.3d at 601 (quoting *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)) (internal citations omitted). Because Plaintiff seeks only damages, complains only of past acts resulting

in no physical injury, and has alleged no continuing threat or fear of harm, his claims that Deputy Moore attempted to solicit inmates to harm him and that other Defendants failed to investigate the matter must be dismissed.

      For all of the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date:

cc:      Plaintiff, *pro se*
          Defendants
          Todd County Attorney
          General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4414.005